*Charles & Harry Markeles,* for plaintiff.

*T. Elton Drake,* for defendant.

BROYLES, C. J. Henry Terrell brought a suit for damages against John S. Florence, trading as John S. Florence Motor Company. The amended petition alleged that the plaintiff bought a second-hand automobile from the defendant; that there was a *patent* defect in the car at the time of the sale; that on the day after the sale, while the plaintiff was driving the car, the defect therein caused a wheel of the car to come off and the car to turn over, thereby inflicting personal injuries upon the plaintiff; and that the defendant was negligent in not discovering the patent defect this defect being the improper way in which the wheel was fastened to the car. The petition did not allege that any written or verbal warranties were given by the defendant, except that the employees who sold the car, and at the plaintiff's request made some minor repairs thereon, assured the plaintiff that the car was "in a safe-running condition." *Held:* ■ Under all the facts of the case the assurance given by the employees of the defendant did not amount to an express warranty, but was merely an expression of their opinion or belief. *Ragsdale* v. *Shipp,* 108 *Ga.* 817 (34 S. E. 167). ■ If the assurance by the defendant's employees amounted to an implied warranty, it is well settled that such a warranty does not cover a patent defect. *Ragsdale* v. *Shipp,* supra. ■ The amended petition, showing that the defect was patent and that the car was sold without any express warranty, failed to set out a cause of action, and was properly dismissed on general demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

### 25052. TERRELL *v.* FLORENCE.

BROYLES, C. J. This case is controlled by the decision, this day rendered, in *Terrell* v. *Florence,* ante, 354.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 19, 1936.

*Charles & Harry Markeles,* for plaintiff.
*T. Elton Drake,* for defendant.

## 25101.  REID *v.* MARSOL CREDIT COMPANY INC.

DECIDED MAY 19, 1936.

*M. B. Eubanks,* for plaintiff in error.
*Wright & Covington,* contra.

BROYLES, C. J.   Marsol Credit Company brought suit against
J. P. Reid on two trade acceptances drawn by the Duralith Cor-
poration, accepted by Reid, and purchased by the plaintiff from
the Duralith Corporation.   The undisputed evidence shows that
the plaintiff, on February 13, 1934, bought from the Duralith
Corporation. four acceptances, drawn by it and accepted by Reid,
and paid therefor the sum of $2609.23; that the four acceptances
were given in connection with a sales contract of certain material
sold by said corporation to Reid, the contract being dated January
31, 1934; that one of the acceptances sued on fell due on May 1,
1934, and the other one sued on became due on June 1, 1934.
Reid pleaded failure of consideration, and alleged that the plain-
tiff had knowledge of such facts at the time it purchased the ac-
ceptances that put it on notice of the defense he would have had
against the Duralith Corporation if that corporation had brought
suit.   Conceding that the defendant would have had a good de-
fense against the said corporation, the undisputed evidence shows
that the plaintiff was a bona fide purchaser, for value, of the ac-
ceptances, without notice of any failure of consideration, and be-
fore their maturity.   The fact that the consideration of the ac-
ceptances may have been known to the plaintiff is no defense to
the suit.   "Knowledge of the consideration of a negotiable note,
by a bona fide purchaser for value before maturity, does not carry
with it any notice of *failure* of consideration, nor is the purchaser
bound to make inquiry as to whether the consideration *has failed*